IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID WRIGHT,   CV 07-759-MA

        Petitioner,   OPINION AND ORDER

  v.

CHARLES DANIELS,
Warden, FCI-Sheridan,

        Respondent.

    DAVID WRIGHT
    Federal Register Number 81976-008
    Federal Correctional Institution
    PO Box 5000
    Sheridan, Oregon  97278-5000

        Petitioner, *Pro Se*

    KARIN J. IMMERGUT
    United States Attorney
    SCOTT ERIK ASPHAUG
    Assistant United States Attorney
    United States Attorney's Office
    District of Oregon
    1000 SW Third Avenue, Suite 600
    Portland, OR  97204-2902

        Attorneys for Respondent

MARSH, Judge:

    Petitioner, an inmate in the custody of the Federal Bureau of Prisons (BOP), currently housed at the Federal Correctional Institution (FCI) Sheridan, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2241.

1- OPINION AND ORDER

After pleading guilty to Second Degree Murder in violation of 18 U.S.C. §§ 1111 and 1153, on September 20, 2004 Petitioner was sentenced to 121 months imprisonment followed by five years of supervised release. The sentencing court also imposed a special assessment fee of $100 and $4328 in restitution. The sentencing order states that Petitioner is to begin making minimum monthly payments of $50.00 toward restitution within 60 days from release from custody. The sentencing order does not set a restitution payment schedule for Petitioner's period of imprisonment.

In his *pro se* petition, Petitioner seeks an order requiring the BOP to cease collecting restitution payments from him, which were reportedly being collected pursuant to the Inmate Financial Responsibility Program (IFRP) in the amount of $25 per quarter. Petitioner also asks the Court to order the BOP to identify him as "IFRP exempt", and to lift "all sanctions threatened and imposed."

Neither Petitioner nor Respondent have provided the Court with any documentation to confirm or deny Petitioner's assertion that the BOP has been charging him $25 per quarter, or that Petitioner refused to pay and was sanctioned as a result. However, based on Respondent's answer, dated August 3, 2007, the Court assumes the truth of Petitioner's assertions.

Respondent concedes that Petitioner is entitled to the

relief requested. However, Respondent argues that the Court should not grant the writ because the BOP will voluntarily "cease collection activity pursuant to the IFRP and will identify [Petitioner] as IFRP exempt."

Petitioner has made a sufficient showing that the BOP's modification of the district court's restitution payment schedule was not in accordance with the law. *See U .S. v. Gunning*, 401 F.3d 1145 (9th Cir. 2005); *see also* 5 U.S.C. § 706(2)(a)(agency actions will be upheld unless they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."). Accordingly, I hereby GRANT the Petition for a Writ of Habeas Corpus, and ORDER the BOP to cease collecting restitution payments from Petitioner, and to identify petitioner as "IFRP exempt."

IT IS SO ORDERED.

DATED this 22_ day of October, 2007.

       /s/  Malcolm F. Marsh
      Malcolm F. Marsh
      United States District Judge